**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| ELIZABETH A. HURREY-MAYER, an individual,<br><br>          Plaintiff,<br><br> vs.<br><br>WELLS FARGO HOME MORTGAGE, INC. D.b.a. AMERICA'S SERVICING COMPANY, a corporation, et al.,<br><br>          Defendants. | CASE NO. 09cv1470 DMS (NLS)<br><br>**ORDER DENYING DEFENDANT'S MOTION TO DISMISS**<br><br>**[Docket No. 8]** |

This matter comes before the Court on Defendant's motion to dismiss. Plaintiff filed an opposition to the motion, and Defendant filed a reply. For the reasons discussed below, the Court denies Defendant's motion.

**I.**

**BACKGROUND**

In June 2005, Plaintiff Elizabeth Hurrey-Mayer purchased a home with a loan from BNC Mortgage. (Compl. at 3.) Plaintiff alleges neither BNC nor its agent accurately represented the terms of the loan. (*Id.*) Plaintiff requested, and eventually received, a modification of her loan from Defendant. (*Id.*)

Plaintiff alleges that prior to the modification, Defendant's representatives "began harassing Plaintiff by making continual phone calls to Plaintiff's home and cell phones in an attempt to collect

payments on the loan." (*Id.* at 5.) Plaintiff informed Defendant's representative that she was represented by counsel, and gave them counsel's contact information, but the calls continued. (*Id.*) Plaintiff alleges Defendant's representatives left "numerous messages" on Plaintiff's home and cell phones, and made calls to Plaintiff's cell phone using an automatic dialing system and a prerecorded voice. (*Id.*) The messages said "the call was from a debt collector and to call back." (*Id.*) Plaintiff alleges she was forced to pay for calls to her cell phone. (*Id.*)

As a result of this situation, Plaintiff filed the present case in San Diego Superior Court. The Complaint alleges claims for (1) breach of contract, (2) violation of California's Rosenthal Act, (3) invasion of privacy, (4) violation of the Telephone Consumer Protection Act ("TCPA"), and (5) violation of California's Business and Professions Code § 17200. Plaintiff dismissed her breach of contract claim after Defendant agreed to modify her loan. Defendant thereafter removed the case to this Court.

## II.

## DISCUSSION

Defendant moves to dismiss Plaintiff's remaining claims for relief. It argues it is not a debt collector, nor did it engage in debt collection activities, therefore Plaintiff's Rosenthal Act claim must be dismissed. Defendant asserts Plaintiff's invasion of privacy claim must be dismissed because it is implausible and preempted. Defendant contends Plaintiff's TCPA claim also fails because it had consent to call Plaintiff, and none of the calls involved advertising. Absent these claims, Defendant insists Plaintiff's 17200 claim must also be dismissed. Plaintiff disputes each of these arguments.

**A.  Standard of Review**

In two recent opinions, the Supreme Court established a more stringent standard of review for 12(b)(6) motions. *See Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937 (2009); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007). To survive a motion to dismiss under this new standard, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Iqbal*, 129 S.Ct. at 1949 (citing *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556).

1     "Determining whether a complaint states a plausible claim for relief will ... be a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 1950 (citing *Iqbal v. Hasty*, 490 F.3d 143, 157-58 (2d Cir. 2007)). In *Iqbal*, the Court began this task "by identifying the allegations in the complaint that are not entitled to the assumption of truth." *Id.* at 1951. It then considered "the factual allegations in respondent's complaint to determine if they plausibly suggest an entitlement to relief." *Id.* at 1951.

**B.    Rosenthal Act Claim**

    Turning to the facts of this case, the first claim at issue alleges Defendant violated the Rosenthal Act. Defendant raises two arguments in support of its motion to dismiss this claim. First, it argues it is not a "debt collector" under the statute. Second, Defendant asserts that foreclosure activities are not "debt collection" under the statute.

    In support of its argument that it is not a "debt collector" under the Rosenthal Act, Defendant relies on the federal Fair Debt Collection Practices Act ("FDCPA"), and federal cases interpreting that statute. (*See* Mem. of P. & A. in Supp. of Mot. at 3-4.) However, the statutes define "debt collector" differently. *Compare* 15 U.S.C. § 1692a(6) *with* Cal. Civ. Code § 1788.2(c). Specifically, the FDCPA excludes from the definition of "debt collector" "any person collecting or attempting to collect any debt owed or due or asserted to be owed or due another to the extent such activity (i) is incidental to a bona fide fiduciary obligation or a bona fide escrow arrangement[.]" 15 U.S.C. § 1692a(6)(F)(i). The Rosenthal Act defines "debt collector" more broadly as "any person who, in the ordinary course of business, regularly, and on behalf of himself or herself or others, engages in debt collection." Cal. Civ. Code § 1788.2(c). Defendant's failure to apply the proper standard defeats its first argument.

    Defendant's second argument is that it is not engaged in "debt collection." In support of this argument, Defendant cites a long list of district court cases finding that foreclosure activities do not amount to "debt collection" under the Rosenthal Act. (*See* Mem. of P. & A. in Supp. of Mot. at 4.) However, Plaintiff's Rosenthal Act claim does not rely on Defendant's foreclosure activities. Rather, this claim relies on Defendant's "continual phone calls to Plaintiff's home and cell phones in an attempt to collect payments on the loan." (Compl. at ¶ 31.) These allegations are factual in nature, and thus the Court must assume they are true in ruling on the present motion. With that assumption,

Plaintiff has stated a plausible claim for violation of the Rosenthal Act. *See* Cal. Civ. Code § 1788.11(d) (stating debt collectors shall refrain from "[c]ausing a telephone to ring repeatedly or continuously to annoy the person called[.]")

**C.     Invasion of Privacy Claim**

Next, Plaintiff alleges a claim for invasion of privacy. Defendant argues this claim is implausible and preempted by the National Bank Act ("NBA").

The elements of a claim for invasion of privacy are: (1) plaintiff had a reasonable expectation of privacy in a certain circumstance, (2) defendant intentionally intruded into that circumstance, (3) defendant's intrusion would be highly offensive to a reasonable person, (4) plaintiff was harmed, and (5) defendant's conduct was a substantial factor in causing plaintiff's harm. Judicial Council of California Civil Jury Instruction 1800. This claim appears to rely on the same facts underlying Plaintiff's Rosenthal Act claim. Defendant asserts these facts do not give rise to a plausible claim for invasion of privacy, but it fails to cite any authority to support that assertion, and indeed, there is authority to the contrary. *See Joseph v. J.J. MacIntyre Cos., L.L.C.*, 238 F.Supp.2d 1158 (2002) (finding genuine issue of fact on invasion of privacy claim based on phone calls to collect a debt). Accordingly, Defendant has not shown that Plaintiff's invasion of privacy claim is implausible.

Defendant's only other argument in support of dismissal of this claim is that it is preempted by the NBA. Specifically, Defendant argues that two regulations interpreting the NBA preempt Plaintiff's claims: 12 C.F.R. §§ 34.4(a)(4) and (10).

Title 12 C.F.R. § 34.4(a) states national banks:

> may make real estate loans under 12 U.S.C. 371 and § 34.3, without regard to state law limitations concerning: ...
>
> (4) The terms of credit, including schedule for repayment of principal and interest, amortization of loans, balance, payments due, minimum payments, or term to maturity of the loan, including the circumstances under which a loan may be called due and payable upon the passage of time or a specified event external to the loan; ...
>
> (10) Processing, origination, servicing, sale or purchase of, or investment or participation in, mortgages[.]

12 C.F.R. § 34.4(a)(4), (10). Although Defendant cites these regulations in support of its preemption argument, it fails to explain how Plaintiff's invasion of privacy claim, which relies on Defendant's

1  "continual phone calls to Plaintiff's home and cell phones in an attempt to collect payments on the
2  loan[,]" (Compl. at ¶ 31), effects Defendant's ability to make real estate loans. Absent this
3  explanation, Defendant has not shown that Plaintiff's invasion of privacy claim is preempted by the
4  NBA.

**D.  TCPA Claim**

Plaintiff's next claim alleges Defendant violated the TCPA. Defendant argues this claim should be dismissed because Plaintiff consented to the calls and because the calls did not involve unsolicited advertising.

The specific legal basis for this claim is 47 U.S.C. § 227(b)(1)(A)(iii), which states:

> It shall be unlawful for any person within the United States, or any person outside the United States if the recipient is within the United States- -
>
> (A) to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using any automatic telephone dialing system or an artificial or prerecorded voice- - ...
>
> (iii) to any telephone number assigned to a paging service, cellular telephone service, specialized mobile radio service, or other radio common carrier service, or any service for which the called party is charged for the call[.]

47 U.S.C. § 227(b)(1)(A)(iii). As with the claims discussed above, the factual bases for this claim are Plaintiff's allegations that Defendant "made calls to Plaintiff's cell phone using an automatic telephone dialing system (including an automated dialing machine, dialer, and auto-dialer) and an artificial or prerecorded voice[,]" and that Plaintiff was "forced to pay for calls to her cell phone." (Compl. at ¶¶ 34-35.)

As indicated in the statute, making these kinds of calls is not unlawful if the calls are "made with the prior express consent of the called party." Defendant asserts that Plaintiff consented to its calls, but that argument is a defense to Plaintiff's claim. *See* FCC Declaratory Ruling 07-232 (Dec. 28, 2007) ("To ensure that creditors and debt collectors call only those consumers who have consented to receive autodialed and prerecorded message calls, we conclude that the creditor should be responsible for demonstrating that the consumer provided prior express consent.") It does not defeat the elements of Plaintiff's claim, all of which have been properly pleaded.

/ / /

Defendant's only other argument in support of dismissal of this claim is that its calls did not involve unsolicited advertisements. However, that is not an element of the specific statute upon which Plaintiff relies to support her claim. Accordingly, this argument does not warrant dismissal.[1]

### III.
### CONCLUSION

In light of the above, Defendant's motion to dismiss Plaintiff's Complaint is denied.

**IT IS SO ORDERED.**

**DATED: November 4, 2009**

**HON. DANA M. SABRAW
United States District Judge**

---

[1] Defendant argues Plaintiff's UCL claim must be dismissed because it relies on the other claims, none of which are valid. Because the Court finds otherwise, it also rejects Defendant's motion to dismiss Plaintiff's UCL claim.